DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a sexual predator adjudication rendered in the Fulton County Court of Common Pleas. Because we conclude that the court's decision was not against the manifest weight of the evidence, we affirm.
 {¶ 2} In 1984, appellant, Eugene Grime, was an elementary school teacher when a Fulton County grand jury handed down a 17 count indictment, accusing him of 10 rape counts, 6 counts of gross sexual imposition and 1 count of corruption of a minor. Except for the corruption charge, all of the offenses charges involved young boys between the ages of 8 and 13.
 {¶ 3} Although appellant later admitted all the acts underlying the charges, in a plea agreement he pled guilty to 2 counts of rape of persons under age 13. The court accepted the plea and sentenced appellant to 2 consecutive terms of incarceration of from 7 to 25 years.
 {¶ 4} In 2003, pursuant to R.C. 2950.09(C), the trial court ordered a sexual offender classification hearing for appellant and referred him to the Court Diagnostic and Treatment Center ("CDTC") for a psychological evaluation prior to the hearing. At the classification hearing, a CDTC forensic psychologist testified that, in her opinion, appellant is a pedophile and that, as such, there is a substantial probability that he will reoffend. The forensic psychologist recommended that appellant be classified as a sexual predator, subject to the reporting laws associated with that classification.
 {¶ 5} Following the classification hearing, the court adjudicated appellant a sexual predator. From this judgment, appellant now brings this appeal, setting forth the following single assignment of error:
 {¶ 6} "The trial court erred to the prejudice of the defendant-appellant in finding by clear and convincing evidence that defendant-appellant should be classified as a sexual predator."
 {¶ 7} Essentially, appellant argues that the trial court's classification determination was against the manifest weight of the evidence.
 {¶ 8} "A `sexual predator' is one who has pled guilty to or been convicted of committing a sexually oriented offense and is likely, in the future, to engage in sexually oriented offenses. R.C. 2950.01(E)(1). Sexually oriented offenses include rape, sexual battery, and gross sexual imposition. R.C. 2950.01(D)(1). Following a hearing at which the court is directed to consider specific factors, R.C. 2950.09(B)(3), if the court finds by clear and convincing evidence both that the offender committed a predicate sexually oriented offense and that the offender is likely to commit future such offenses, it must adjudicate the offender a sexual predator.
 {¶ 9} "Clear and convincing evidence is greater than the preponderance ordinarily applied in civil cases, but less than the beyond a reasonable doubt standard necessary to support a criminal conviction. It is evidence sufficient to produce in the mind of the trier of fact a firm belief or conviction of the fact to be established. Cross v. Ledford (1954), 161 Ohio St. 469, 120 N.E.2d 118, ¶ three of the syllabus. A determination resting on clear and convincing evidence will not be overturned on appeal as long as there is competent credible evidence going to each of the essential elements to be established by which a trier of fact could reasonably form such a firm conviction. Id.; C.E. Morris v. FoleyConstr. Co. (1978), 54 Ohio St.2d 279, 376 N.E.2d 578, syllabus." Statev. Barnhart, 6th Dist. No. H-02-046, 2003-Ohio-4859, at ¶ 31-32.
 {¶ 10} Appellant argues that he has a nearly spotless record in his 19 years in prison and that he has participated in literally years of counseling and therapy. He points out that a standardized test designed to measure a sex offender's probability to reoffend resulted in a less that a 20 percent probability that he would reoffend. For these reasons, appellant insists, the trial court erred when it determined that he would reoffend.
 {¶ 11} There is no question in this matter that appellant committed a sexual offense or that the court considered the statutorily mandated factors. The only issue is whether appellant's likelihood to reoffend was proven. In that regard, the testimony of the forensic psychologist was clear: appellant is sexually drawn to little boys. The psychologist characterized appellant as a "prototypic Pedophile." She testified that the standardized test which was administered does not take into consideration the number of children appellant molested (at least 11), nor does it consider that appellant pursued this activity for between 3 and 7 years. Such a pervasive pattern, the psychologist testified, indicates that appellant's attraction to young boys is a, "* * * deeply integrated component of his psyche that will not be eradicated, no matter what type of treatment he receives." According to the psychologist, appellant may be able to control his urges, but he will never be rid of them. For this reason, she opined, it was "likely" that appellant would reoffend.
 {¶ 12} The psychologist's testimony is competent credible evidence by which the trial court could have reasonably formed a firm conviction that appellant is likely to reoffend if released. Accordingly, appellant's sole assignment of error is not well-taken.
 {¶ 13} On consideration whereof, the judgment of the Fulton County Court of Common Pleas is affirmed. Costs to appellant, pursuant to App.R. 24.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, P.J., Pietrykowski, J., Singer, Judges. Concur.